```
              UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------
ORISKA Corporation and the Employee Class
and Injured Worker Class,
                  Plaintiffs,

                                     COMPLAINT
      -vs-                           Index No.

Doron Zanani, Ariel Berschadsky,
US Small Business Administration,
M & T Bank Corporation, and New York
City Marshal Stephen W. Biegel,
                  Defendants,


--------------------------------------------------
```

## Contents

INTRODUCTION...................................................2

JURISDICTION...................................................2

PARTIES........................................................3

FACTS..........................................................
      .........................................................4

NUMEROSITY....................................................10

COMMON ISSUES OF LAW AND FACT.................................10

JUDICIAL ECONOMY..............................................11

First Cause of Action.........................................11

Second Cause Of Action........................................12

Third Cause of Action.........................................13

Fourth Cause of Action........................................19

Fifth Cause of Action.........................................20

Sixth Cause of Action.........................................21

RELIEF........................................................22

The Plaintiffs Oriska Corporation, the Employee Class and the Injured Worker Class, as and for their Complaint, by their attorney, James M. Kernan, alleges as follows:

**INTRODUCTION**

1. This Action is brought on to enjoin the restraint on funds of Oriska Corporation bank Account ending in 2886 at M & T Bank containing proceeds of the first and second rounds of a loan issued under the Paycheck Protection Program ("PPP") under the under the Coronavirus Aid, Relief, and Economic Security Act Public Law No. 116-136, 15 USCA § 9001, section 1102 (the "CARES Act"), adding PPP, to protect funds in the account for payroll earned by the Employee Class, and for damages to the Plaintiff Employee Class and the Plaintiff Injured Worker Class as hereinafter described.

**JURISDICTION**

2. Federal question original jurisdiction exists in this case pursuant to 28 U.S.C.§1331 under the CARES Act which added Section 1102 of the Act adding the "Paycheck Protection Program," to the U.S. Small Business Administration's (SBA's) 7(a) Loan Program, with additional powers to the SBA at 15 USCA §636, where this Court has original subject matter jurisdiction to entertain this action under 28 U.S.C. §1331. To the extent that any claim in this Complaint is not a federal question, it forms part of the same case or controversy under 28 U.S.C. §1367(a).

3. Federal Jurisdiction exists in this case under 28 U.S.C.§1346(a)(2) because the United States Small Business Administration has been named as a Defendant as its interests may appear as a necessary party under FRCP Rule 19.

**PARTIES**

4. Plaintiff Oriska Corporation, doing business in the Village of Oriskany, New York, provides payroll services to various businesses in the State of New York.

5. Plaintiff Class Representative Sandie Cooney is the Class Representative of a Class of employees of Plaintiff Oriska Corporation on the payroll of Oriska Corporation ("Employee Class") working to adjust claims for benefits to a class of injured and ill workers of nursing home and home health care businesses.

6. Plaintiff Class Representatives Donna Hodge, Annette Hall, Karen Grant Williams, and Alexi Arias are the Class Representatives of a Class of injured and ill workers of nursing home and home health care businesses ("Injured Worker Class").

7. Defendant Doron Zanani ("Defendant Zanani") was and is a resident and domicile of the State of New York, licensed to practice law regulated by the State of New York, with an address of 11 Broadway, Suite 115, New York, NY 10005.

8. Defendant Ariel Berschadsky ("Defendant Berschadsky") was and is a resident and domicile of the State of New York, licensed to

3

practice law regulated by the State of New York with an address of 199 State Street, Brooklyn, New York 11201.

9. Defendant New York City Marshal Stephen W. Biegel ("Defendant Biegel"), is the City Marshal of the City of New York with offices at 109 West 38th Street, Room 200, New York, NY 10018, has seized or is about to seize the proceeds of a PPP Loan.

10. Defendant U.S. Small Business Administration ("SBA") is named as a necessary party as a result of the 100% guarantee of a Payroll Protection Loan as hereinafter described. The SBA Office of General Counsel is located at 409 3rd Street SW, Washington, DC 20416.

11. Defendant M & T Bank Corporation ("M & T Bank") with offices at One M&T Plaza, Buffalo, New York 14203, (Attn: Office of General Counsel) is named as a necessary party as the lender and the party that has removed funds from Account ending into 886 of Plaintiff Oriska Corporation.

## **FACTS**

12. The Plaintiffs Oriska Corporation, the Employee Class and the Injured Worker Class seek protection in federal court for the Southern District of New York on the federal question, to protect funds of Oriska Corporation in bank Account ending in 2886 at M & T Bank holding proceeds of a loan from the US Small Business Administration paid through M & T Bank issued under the Paycheck Protection Program ("PPP") under the CARES Act to provide direct and immediate economic assistance to businesses who have been adversely

affected by the COVID-19 pandemic and accompanying national emergency.

13. The emergency proceeds of the PPP Loan are being held in Account ending in 2886 by Oriska Corporation along with other funds advanced to Oriska Corporation as a payroll processing paymaster for the payment of payroll.

14. The funds in Account ending in 2886 are exempt from the restraint and seizure of Defendants Zanani, Berschadsky and Biegel.

15. Under federal law stimulus payments authorized by the CARES Act, per regulations implementing the CARES Act, and US Business Administration regulations, make funds in Account ending in 2886 exempt as hereinafter set forth.

16. The funds held by Oriska Corporation in Account ending in 2886 for payroll processing of paychecks earned by the Employee Class is not general funds of Oriska Corporation.

17. The payroll for the Employee Class is to pay employees who are dedicated to the adjustment of claims for medical care and lost wage benefits of injured and ill workers of nurses, certified nursing assistants, licensed practical nurses, and registered nurses and nursing caregiver aids in nursing homes and home health care businesses, principally operating in the five counties of the City of New York, plus, Nassau and Westchester counties, adjusting and processing claims for benefits being paid to the Injured Worker Class, several thousand injured and ill employees relying on benefits

adjusted and paid by the Employee Class covered by payroll of Plaintiff Oriska Corporation, payroll paid from M & T Bank Account ending in 2886.

18. M & T Bank Account ending in 2886 received a second draw of PPP Loan proceeds of $308,447.00 on February 26, 2021.

19. The first and second draws issued to Plaintiff Oriska Corporation are 100% guaranteed by the US Small Business Administration.

20. Plaintiff Oriska Corporation made application to the Defendant US Small Business Administration for a Paycheck Protection Program ("PPP") Loan under the Coronavirus Aid, Relief, and Economic Security ("CARES Act") passed by Congress and signed into law on March 27, 2020.

21. The PPP Loan is 100% guaranteed by the SBA and the SBA is named as a necessary party regarding the disposition of the proceeds of the PPP Loan which is restricted by the terms of the Loan document and applicable statutes and regulations as hereinafter recited.

22. Sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act or the Act). Section 1102 of the Act temporarily adds a new product, titled the "Paycheck Protection Program," to the U.S. Small Business Administration's (SBA's) 7(a) Loan Program.

23. The Paycheck Protection Program and loan forgiveness are intended to provide economic relief to small businesses nationwide

adversely impacted under the Coronavirus Disease 2019 (COVID-19) Emergency Declaration (COVID-19 Emergency Declaration) issued by the President on March 13, 2020. This interim final rule outlines the key provisions of SBA's implementation of sections 1102 and 1106 of the Act, 13 CFR Part 120, page 2, Business Loan Program Temporary Changes adding the Paycheck Protection Program ("PPP").

24. The PPP is an economic relief package designed to protect the American people from the public health and economic impacts of COVID-19. The Act provides economic assistance under the Paycheck Protection Program to Plaintiff Oriska Corporation, intended to preserve jobs.

25. At paragraph f of 13 CFR Part 120 page 5, "what qualifies as "payroll costs?" Payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation; cash tips or the equivalent (based on employer records of past tips or, in the absence of such records, a reasonable, good-faith employer estimate of such tips); payment for vacation, parental, family, medical, or sick leave; allowance for separation or dismissal; payment for the provision of employee benefits consisting of group health care coverage, including insurance premiums, and retirement; payment of state and local taxes assessed on compensation of employees; and for an independent contractor or sole proprietor,

wages, commissions, income, or net earnings from self-employment similar compensation."

26. At paragraph r of 13 CFR Part 120 page 7 "How can PPP loans be used? The proceeds of a PPP loan are to be used for: i. payroll costs (as defined in the Act and in 2.f.); ii. costs related to the continuation of group health care benefits during periods of paid sick, medical, or family leave, and insurance premiums; iii. mortgage interest payments (but not mortgage prepayments or principal payments); iv. rent payments;"

27. Under 636 Additional powers SBA regarding the Guaranteed Loan, Plaintiff Oriska Corporation as an eligible recipient of the PPP Loan proceeds, may not use of the proceeds of the covered loan for payment of prior judgment creditors. Plaintiff Oriska Corporation has only used the proceeds under (I) payroll costs.

28. The PPP Loan Application specifically limits "With respect to '"purpose of the loan,"' payroll costs consist of compensation to employees (whose principal place of residence is the United States) in the form of salary, wages, commissions, or similar compensation."

29. The payroll of Oriska Corporation as the paymaster for payroll processing clients is $78,000 every two weeks.

30. On February 26, 2021, the second draw by Plaintiff Oriska Corporation was advanced $308,447.00 on the PPP Loan bringing the balance in Account ending in 2886 to $312,994.11.

31. The $308,447.00 draw was wired into Oriska Corporation Account at M & T Bank account ending in 2886 dedicated to paying payroll.

32. On March 2, 2021, an advance for payroll was made in Account ending in 2886 by payroll processing clients in the amount of $80,000.

33. On March 2, 2021, payroll was paid by Plaintiff Oriska Corporation in the amount of $78,083.03.

34. On March 16, 2021, payroll was paid by Plaintiff Oriska Corporation in the amount of $78,483.92.

35. On March 16, 2021, Defendant M & T Bank withdrew $186,298.52 from Account ending in 2886 in response to a restraint filed by Defendant Berschadsky on behalf of Defendant Zanani and took fees of $110.

36. On March 17, 2021 and March 31, 2021, advances for payroll were made in Account ending in 2886 by payroll processing clients in the amount of $18,000 each for a total of $36,000.

37. On March 25, 2021, Defendant M & T Bank released from restraint back into Account ending in 2886 the sum of $75,768.80.

38. On March 30, 2021, payroll was paid by Plaintiff Oriska Corporation in the amount of $77,306.16.

39. On April 13, 2021, payroll in the amount of $78,000 has been earned and is payable to the Employee Class leaving a balance in Account ending in 2886 of $6,484.28.

40. Unfreezing the PPP Loan funds seized by withdrawal by M & T Bank from the account ending in 2886 in the amount of $186,298.52 minus $75,768.80 to return to the payroll account ending in 2886 the sum of $110,529.72 is desperately needed to pay payroll for the Employee Class who are adjusting and paying claims for medical care and wage reimbursement to the injured and ill Worker Class, and for no other purpose.

41. Oriska Corporation as a judgment debtor claims exemption under federal law to the proceeds of an SBA PPP loan, the proceeds of which are restricted to purposes set forth in sections 1102 and 1106 of the Act, 13 CFR Part 120, page 2, Business Loan Program Temporary Changes adding the Paycheck Protection Program, and to the loan terms itself. Payment to judgment creditor Zanani or his agent Defendant Berschadsky out of these loan proceeds is a violation of federal law and exempt from execution as provided at CPLR 5222a(d).

## NUMEROSITY

42. The number of members of the Employee Class and the Injured Worker Class can be enumerated and are not indeterminate.

## COMMON ISSUES OF LAW AND FACT

43. The issues of law and fact determining the claims of the Employee Class and the Injured Worker Class named in this action, have caused, are causing, and will continue to cause serious, permanent and irreparable economic injury and damage common to all members of the Employee Class and the Injured Worker Class.

## JUDICIAL ECONOMY

44. This action avoids the prosecution of separate actions by multiplicity of actions involving the same individual members of the Employee Class and the Injured Worker Class which would create a likelihood of inconsistent or varying adjudications with respect to individual class members.

## First Cause of Action

45. Plaintiff's repeat, reallege and incorporate herein all of aforesaid paragraphs and their allegations.

46. The PPP Loan is exempt from judgment creditor execution and garnishment under the terms of the CARES ACT and the SBA Regulations herein before recited.

47. The application process provides that CARES Act payments are exempt from garnishment in New York.

48. The Bank account ending in 2886 is a dedicated account used for the payment of workers' compensation benefits to injured workers, for payment of medical care and reimbursement of wages. Restraining this bank account has and will cause irreparable damage to injured workers who rely upon the funds that pass through these.

49. The proceeds of the PPP Loan in Account ending in 2886 at M & T Bank which are the subject of Defendants' Zanani and Berschadsky Restraining Notice are exempt from execution and garnishment as proceeds of the PPP Loan 100% guaranteed by the Small Business Administration under the Paycheck Protection Program.

50. Restraint of the Accounts has and will cause irreparable harm because the accounts contain the proceeds of the government backed Paycheck Protection Program funds which are funds specifically designed to aid companies in the continued employment of their employees during the COVID Pandemic.

51. Plaintiff's seek an order against Defendants M & T Bank, Defendant Berschadsky, Defendant Zanani, Defendant Biegel mandating the unfreezing the PPP Loan funds seized by withdrawal by M & T Bank from the account ending in 2886 in the amount of $186,298.52 minus $75,768.80, to return to the payroll account ending in 2886 the sum of $110,529.72, monies that are desperately needed to pay payroll for the Employee Class who are adjusting and paying claims for medical care and wage reimbursement to the injured and ill Worker Class, and for no other purpose.

## Second Cause Of Action

52. Plaintiff's repeat, reallege and incorporate herein all of aforesaid paragraphs and their allegations.

53. Under 42 U.S.C. 1983 enforcing 42 U.S.C. 1981 and 1985, the Defendant Berschadsky has refused to honor and respect the exemption under New York State law, claiming and applying such State exemptions unequally, claiming exemption is an only available to "natural persons".

54. It is well established that a corporation is a "person" within the equal protection of law guaranteed by the 14th Amendment

to the United States Constitution as held by the US Supreme Court, *Western & Southern*, 451 U.S., at 660, 101 S. Ct., at 2079, *Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869, First Nat. *Bank of Boston v. Bellotti*, 435 U.S. 765.

55. Any party who garnishes or attempts to garnish these payroll funds engages in fraudulent or illegal conduct under New York Executive Law and deceptive conduct under General Business Law, as a fraud or illegality in the carrying on, conducting or transaction of business", as a deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" under New York's General Business Law.

56. Not only is the restrictive reading of CPLR 5222a by Defendant Berschadsky not warranted, refusal to honor the exemptions to payroll and Loan Proceeds from the PPP Loan exempted under federal law, the Defendant Berschadsky has caused irreparable damage to the Plaintiffs, the Plaintiff class of employees, and to the class of beneficiaries relying on benefit payments for medical care and lost wages adjusted and paid by Plaintiff Oriska Corporation, proximately and foreseeably causing damages to the Plaintiff and to each identified class in the amount of $1 million as an will be determined at the time of trial.

### Third Cause of Action

57.  Plaintiff repeats, realleges and incorporates herein all of aforesaid paragraphs and their allegations.

58. The Judgment upon which the Defendants Zanani and Berschadsky are seeking to execute and garnish, is a default judgment entered against the Plaintiff Oriska Corporation.

59. The underlying Action which gave rise to the Default Judgment was based upon a counterfeit and illegal bond undertaking that violates the statutory requirements of CPLR Article 25, and specifically CPLR 2502.

60. A letter from Attorney Jalila Bell, Esq. on December 7, 2017 in which she represents that she held a Bond made by Oriska Insurance Company in escrow, but as described below, even Bell acknowledges that she did not hold a bond in escrow and the paper that was found at the Clerk's Office was a fraud.

61. Defendant Zanani named and served Oriska Corporation to collect a bond undertaking allegedly made by Oriska Insurance Company, by delivery of a Summons against Oriska Corporation to the New York Secretary of State pursuant to N.Y. Bus. Corp. Law § 306.

62. When Oriska Corporation discovered that a default judgment had been entered against it regarding a bond undertaking allegedly by Oriska Corporation d/b/a Oriska Insurance Company, an investigation was launched to locate the alleged bond undertaking upon which the default was taken.

63. An examination of the inquest upon which the default judgment was entered did not contain evidence of an enforceable bond undertaking.

64. Plaintiff Oriska Corporation being unable to locate the alleged bond, hired Max Schuster, a document reviewer and process server for Servico, Inc. to locate the alleged bond related to actions of Zanani v. Zehmer at Supreme Court, County of New York Case No. 650494/2018 and/or New York City Civil Case No. 300232-TSN-06 and/or Supreme Court, County of New York Case No. 13591/2015.

65. Mr. Schuster searched for the bond undertaking involved with the Zanani claim against Oriska Insurance Company.

66. Mr. Schuster served a subpoena on Ms. Bell, and Defendant Zanani, which called for her to deliver what she writes in a letter of December 7, 2017 "My law office has held this Bond in escrow, pursuant to the Decision and Order of the Honorable Jose A. Padilla Jr., dated and entered October 14, 2016, pending the resolution of Schvimmer v. Zanani, in the Supreme Court of the State of New York, Kings County, Index No. 13591/2015. . . .".

67. The return of the subpoena required deliver of the bond to the Chambers of Supreme Court Justice Kennedy at 60 Center St. in the City of New York. The subpoena was returnable on August 19, 2019 at 9:30 AM, but nothing was delivered.

68. Mr. Schuster then met at the Civil Court Clerk's office at room 225 at 101 Centre Street in the City of New York at 2:00 PM on August 22, with Ruth Brayer, a forensic documents expert with Brayer Handwriting International.

69. Mr. Schuster met at 2:00 PM on August 22, at the Civil Court of the City of New York, New York County to review the filings under Index No. 300232-TSN-06, where the judgment was filed, to examine the filings, and specifically to examine and authenticate the bond naming Oriska Insurance Company as surety that was filed to stay the execution of the judgment awarded to Defendant Zanani entered there.

70. Mr. Schuster requested from the Civil Court Clerk the file boxes for Case TS-300232-06/NY. Coincidentally, attorney Bell, the attorney of record for Defendant Zanani in TS-300232-06/NY, was simultaneously at the counter with Mr. Schuster and requested the same file documents. Both Mr. Schuster and Ms. Bell were searching for the bond undertaking alleged in this litigation.

71. Mr. Schuster along with Ms. Bell retrieved what was filed as the bond undertaking for Case TS-300232-06/NY.

72. With representatives of all parties present to conduct an examination on August 22, 2019 and 2:00 PM of the papers filed in the Civil Court Clerk's Office, after a microscopic examination of the questioned undertaking, Ms. Brayer reported that the document which she inspected was not an ink original, but rather was a photocopy which did not contain an acknowledgment before a notary public as would have been necessary for an undertaking under Article 25 of the New York of the Civil Practice Law and Rules.

73. Miss Bell, upon seeing the paper copy of the document and realizing that it was not authentic, it was incomplete not containing the necessary notary public acknowledgment to make it an undertaking, Ms. Bell stated, "this is a fraud" and then proceeded to search on her smartphone for persons involved with presenting the counterfeit bond which was wrongfully represented to be a bond undertaking.

74. The Civil Court Clerk's Office likewise would not certify the bond document because it was a copy not an original.

75. Mr. Schuster also searched at the New York County Supreme Court Ct., Clerk's Office in all files related to these matters, searching for the original and complete bond undertaking. At each location Mr. Schuster only found a copy which was not complete to be the undertaking in accordance with the Article 25 of the CPLR.

76. Mr. Schuster made several trips from August 20 to 22, 2019 to the New York County Supreme Court and Clerk's office in attempts to obtain an actual bond undertaking, without being able to find a bond.

77. No authentic bond undertaking has ever been found.

78.  Bond undertakings are a critical component to commerce to allow strangers to rely on the full faith and credit of someone standing in as surety, a surety recognized for its fidelity. A bond undertaking is a solemn instrument, dating back to antiquity with authentication requirements existing even long before Shylock in

Shakespeare's merchant of Venice in order to authenticate the bond
before a notary:

> The most notorious or infamous bond was that given by Antonio,
> the *"Merchant of Venice"* to Shylock., where Shylock says:

> *"Go with me to a notary, seal me there*
> *Your single bond; and, in a merry sport,*
> *If you repay me not on such a day,*
> *In such a place, such sum or sums as are*
> *Express'd in the condition, let the forfeit*
> *Be nominated for an equal pound*
> *Of your fair flesh, to be cut off and taken*
> *In what part of your body pleaseth me."*

79.   That same credentialing and authentication by oath
before a notary is codified in the New York Article 25 of the CPLR.
at CPLR §2502(d), requiring that an undertaking referenced at CPLR
§5519 must meet the statutory requirements of Article 25 of the CPLR.

80. The Defendants Zanani and Berschadsky can swiftly
extinguish this dispute by simply producing the bond that they have
represented they were holding in escrow, represented to the Court
that they are holding in escrow, failed to file the original as an
undertaking required by CPLR 5519, an undertaking in accordance with
Article 25 of the CPLR.

81. There is no and never was such a bond undertaking, and
Defendant Zanani knows that because he was provided affidavits and
evidence, and even his attorney Bell on seeing the false instrument
that was filed, exclaimed, "this is a fraud".

82.   Defendant Zanani and now Defendant Berschadsky are misusing the authority of the courts to collect on a fraud, which they both know by having been provided evidence proving the falsity of the undertaking, nevertheless proceeding to enter default judgment thereon, now seeking to collect, and now in adding injury to the insult seeks to recover from exempt funds loaned to Plaintiff Oriska Corporation under the Cares Act to cover payroll needed to process claims for benefits for medical care and lost wages of thousands of injured and ill nursing home and home health care.

83. The bond undertaking in fact is a counterfeit copy bond, a bad copy at that not containing the requisite oath and acknowledgment before a notary public as required by CPLR 2502.

84. The Plaintiff Oriska Corporation asks that the default judgment which has led to injury and damages as set forth herein, be set aside based on fraud by authority of CPLR §5015(a)(3), newly discovered evidence of the fraudulent nature of the spurious bond by authority of CPLR §5015(a)(2), and lack of jurisdiction over Plaintiff Oriska Corporation as the surety named in the putative bond by the authority of CPLR §5015(a)(4).

<u>**Fourth Cause of Action**</u>

85. Plaintiff repeats, realleges and incorporates herein all of aforesaid paragraphs and their allegations.

86. The Bank account ending in 2886 of Plaintiff Oriska Corporation is used exclusively for the payment of payroll to the

Employee Class that adjust benefits to injured workers, for payment of medical care and reimbursement of wages.

87. Restraining Account ending in 2886 has and will cause irreparable damage to the Injured Worker Class who rely upon the funds that pass through these accounts for the payment of benefits for medical care and wage reimbursement.

88. Defendants Zanani and Berschadsky by the restraint and seizing the proceeds of the PPP Loan have injured Plaintiff Oriska Corporation and the Employee Class and Injured Worker Class as beneficiaries of the Bank accounts ending in 2886 at M & T Bank in an amount exceeding $1 million, for benefits payable to injured workers and consequential damages as a result of these benefits being interrupted, as will be determined by evidence at the time of trial of this action.

## Fifth Cause of Action

89. Plaintiff repeats, realleges and incorporates herein all of aforesaid paragraphs and their allegations.

90. Defendants Zanani and Berschadsky have published the Federal Employer Identification number of Plaintiff Oriska Corporation in the Restraint, wrongfully disclosing to the public confidential and sensitive information on the identity of Oriska Corporation by Defendants negligently displaying confidential identification information.

91. This cause of action is for identity theft and publication of sensitive confidential details of the identity of Plaintiff and publishing that information to the public.

92. Demand is for damages in the amount exceeding $1 million as will be determined by evidence at the time of the trial of this Action.

### Sixth Cause of Action

93. Plaintiff's repeat, reallege and incorporate herein all of aforesaid paragraphs and their allegations.

94. Attorney Berschadsky has failed to withdraw his restraint to seize and execute against the PPP loan proceeds after being advised and provided evidence of the circumstances of the PPP loan, knowingly and callously continuing to seek to recover and have the NYC Marshal execute against these PPP loan proceeds.

95. Sanctions against attorney Berschadsky as the Judgment Creditor or as the attorney for the Judgment Creditor, the Judgment Creditor Zanani, and the City Marshal Biegel, for knowingly and callously continuing to pursue to execute and collect from the PPP loan proceeds, having been advised and knowing that the monies in the account is PPP loan proceeds intended for payroll and related expenses, such as payroll taxes, not to a judgment creditor by judgment by default where there has never been a determination on the merits as to the entitlement of the judgment creditor to recover from the judgment debtor.

96. Defendants Zanani and Berschadsky by the restraint have injured Plaintiff, Oriska Corporation and the Employee Class in an amount exceeding $1 million, as determined by evidence at the time of trial of this action, and in amount of the benefits payable to injured workers that will be interrupted.

### RELIEF

.....**WHEREFORE,** Plaintiff demands judgment against the defendants as follows:

On the First Cause of Action an order against Defendants M & T Bank, Defendant Berschadsky, Defendant Zanani, Defendant Biegel mandating the unfreezing of all funds that were seized by withdrawal by M & T Bank from the account ending in 2886;

On the Second, Fourth, and Fifth Sixth Causes of Action for a Judgment for compensatory damages in excess of $1 million;

On the Third Cause of Action for a Judgment setting aside the default judgment based on fraud by authority of CPLR §5015(a)(3), newly discovered evidence of the fraudulent nature of the spurious bond by authority of CPLR §5015(a)(2), and lack of jurisdiction over Plaintiff Oriska Corporation as the surety named in the putative bond by the authority of CPLR §5015(a)(4).

On the Sixth Causes of Action for punitive damages and sanctions;

For costs of suit and expenses incurred herein as provided by

law and for reasonable attorneys' fees as provided by law; and

For such other and further relief that the Court may deem just and proper.

Dated: New York, New York

April 13, 2021

_James M. Kernan, Esq._
James M. Kernan, Esq.
KERNAN PROFESSIONAL GROUP, LLP
26 Broadway
19th floor
New York, New York 10004
Telephone: (212) 986-3196
Fax:: (212) 656-1213
email: jkernan@kernanllp.com

### VERIFICATION

STATE OF NEW YORK    )
                      ) ss.:
COUNTY OF ONEIDA     )

Michele Casaletta being duly sworn, deposes and says that deponent is the Payroll Clerk of Oriska Corporation, the corporation named in the within action; that deponent has read the foregoing complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

This verification is made by deponent because Oriska Corporation is a domestic corporation charted under the laws of the State of New York. Deponent is an employee thereof, to-wit,

its Payroll Clerk.   The grounds of deponent's belief as to all

matters not stated upon deponent's knowledge are as follows:

official business records kept in the regular course of business

of the plaintiff.

_____
Michele Casaletta

Subscribed and sworn to before me
this 13th day of April, 2021.

_____
James M Kernan
Notary Public
Commission Expires February 24, 2024